IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHALONDA STRONG     PLAINTIFF
*On behalf of*
E.I., A MINOR

vs.     Civil No. 1:11-cv-01007

MICHAEL J. ASTRUE     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Shalonda Strong ("Plaintiff") brings this action on behalf of E.I., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying E.I.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an SSI application on behalf of E.I. on June 12, 2008. (Tr. 7, 80-83). In her application, Plaintiff alleged E.I. was disabled due to mental retardation, attention deficit hyperactivity disorder ("ADHD"), headaches, and eczema. (Tr. 89). Plaintiff alleged E.I.'s onset date was June 5, 2008. (Tr. 7). This application was denied initially and again upon reconsideration. (Tr. 41-52).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

On January 16, 2009, Plaintiff requested an administrative hearing on E.I.'s application, and this hearing request was granted. (Tr. 57). An administrative hearing was held on August 3, 2009 in Little Rock, Arkansas. (Tr. 31-40). Plaintiff testified and was represented by counsel, Denver Thornton, at this hearing. *Id.*

On November 24, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of E.I. (Tr. 7-19). In this decision, the ALJ found E.I. was born on October 22, 2003, was a preschooler on the date the application was filed, and was a school-aged child on the date of his decision. (Tr. 10, Finding 1). The ALJ determined E.I. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 10, Finding 2). The ALJ determined E.I. had the severe impairments of a learning disorder and conduct disorder. (Tr. 10, Finding 3). The ALJ also determined none of E.I.'s impairments met or were functionally equivalent to the Listing of Impairments in 20 CFR Part 404, Subpart p, Appendix 1 ("Listings"). (Tr. 10, Finding 4).

In assessing whether E.I.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning. (Tr. 11, Finding 5). Specifically, the ALJ determined E.I. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) mild limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. (Tr. 12-19). Based upon these findings, the ALJ determined E.I. had not been disabled, as defined by the Act, since June 12, 2008, the date E.I.'s application was filed. (Tr. 19, Finding 6).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 23). *See* 20 C.F.R. § 404.968. On November 24, 2010, the Appeals Council declined to review this

unfavorable decision. (Tr. 1-3). On January 25, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 2, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 10. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things,

the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2008, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked"

4

limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming substantial evidence does not support the ALJ's determination that E.I.'s impairments are not functionally equivalent to the Listings. ECF No. 7, Pgs. 3-8. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

### A. Domains of Functioning

Plaintiff claims the ALJ erred by finding E.I.'s impairments were not functionally equivalent to the Listings. ECF No. 7, Pages 3-8. Specifically, Plaintiff claims E.I. has marked limitations in the domains of moving about and manipulating objects and in caring for himself. *Id.* These are the only two domains in which Plaintiff disputes the ALJ's findings. This Court will only address these two domains of functioning.

1. **Moving About and Manipulating Objects**

The child's gross and motor skills are assessed in the domain of moving about and manipulating

objects. *See* 20 C.F.R. § 416.926a(j)**.**  The ALJ determined E.I. had no limitation in the domain of moving about and manipulating objects. (Tr. 16-17).  Plaintiff claims E.I. has a marked impairment in the domain of moving about and manipulating objects  ECF No. 7, Pgs. 5-6.

According to Plaintiff, E.I. was seen for an occupational evaluation by April Hern, M.S., OTR/L on July 16, 2008.  (Tr. 98-104).  Plaintiff states the test results indicated a severe delay in acquisition of fine motor, self-help and sensory integrative skills.  (Tr. 98).  Plaintiff argues E.I. was also tested on that same date by Angie Day, BSE-EC Special Ed, and Allison Rushton, M.Ed. EC Special Ed, and the tests reflected E.I. was at least 2.00 standard deviations below the mean in the area of gross motor, fine motor, cognitive, and language. (Tr. 108).  Finally, Plaintiff argues E.I. was tested by Gladys A. Mustafa, PT, DPT, CMP, and had a standard deviation of -2.05 below the standard deviation.  E.I.'s gross motor scores on PDMS and TGMD-2 (object control and locomotor) indicated gross motor delay for gross motor age. (Tr. 111).

The ALJ discussed these reports, but placed greater weight on the observations of E.I.'s preschool instructor and the medical records from physicians who treated E.I. (Tr. 16-17).  Weighing evidence and resolving conflicts is the proper role of the ALJ.  *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002)**.**  The medical evidence of record supports the ALJ's decision that E.I. had no limitations in the domain of moving about and manipulating objects.  (Tr. 16).

To begin with, the ALJ noted E.I.'s medical records did not describe him as having a serious physical impairment. (Tr. 11-12).  E.I. was seen by Dr. Rafael Otero on June 4, 2008.  (Tr. 225-233). Dr. Otero indicated E.I. was healthy and taking no medication. (Tr. 226-227).  On August 6, 2008, E.I. was seen by Dr. Charles Spellman.  (Tr. 235-237).  E.I.'s mother reported to Dr. Spellman, that E.I. enjoyed a good variety of activities including reading, coloring, and swimming. (Tr. 237).  E.I.'s self-help

skills were noted to be intact. (Tr. 237). Dr. Spellman found no physical limitations that could limit adaptive functioning, and E.I. was seen as capable of normal functioning in terms of his ability to engage in age appropriate living activities. (Tr. 237).

On January 12, 2009, E.I. was seen by Dr. Paul Gardial. (Tr. 316-320). Dr. Gardial noted E.I. had no abnormalities with respect to the musculoskeletal or neurological examination. (Tr. 318). Dr. Gardial also found E.I. had normal strength and range of motion of all extremities. (Tr. 318). On May 22, 2009, E.I. was seen by Dr. Sarah Robertson. (Tr. 313-315). Dr. Robertson indicated the musculoskeletal and neurological examinations did not reveal abnormalities. Also, Dr. Robertson found E.I. had normal strength and range of motion of all extremities. (Tr. 313-315).

The ALJ also relied on reports from E.I.'s preschool teacher in a report from November 17, 2008. (Tr. 160-166). E.I's teacher indicated his functioning appeared age-appropriate in the domain of moving about and manipulating objects. (Tr. 163). The teacher noted either "no problem" or only "a slight problem," but did not identify any obvious or serious problems in moving about or manipulating objects. (Tr. 163).

Finally, Dr. Stephen Whaley and Dr. Susan Manley each prepared Childhood Disability Evaluation Forms on E.I. (Tr. 241-244, 305-308). Both Dr. Whaley and Dr. Manley found E.I. had no limitations in the domain of moving about and manipulating objects. (Tr. 244, 308). These findings support the ALJ's decision.

This Court finds substantial evidence supports the ALJ's finding of no limitation in the domain of moving about and manipulating objects**.**

### 2. Caring for Yourself

This domain requires consideration of how well the child can maintain his emotional and physical

health, including the ability to fulfill wants and needs, as well as cope with stress and change, and caring for his or her own health, possessions, and living area. 20 C.F.R. § 416.926a(k).

The ALJ determined E.I. had a mild limitation in the domain of caring for himself. (Tr. 17). Plaintiff claims E.I. has a marked limitation in this domain of functioning. ECF No. 7, Pages 7-8.

Dr. Otero, who saw E.I. on June 4, 2008, indicated overall, E.I.'s social and daily living skills were adequate and without restrictions. (Tr. 226). Also, Dr. Spellman, who saw E.I. on August 6, 2008, indicated E.I's self-help skills were intact. (Tr. 237). Dr. Spellman also indicated E.I. was capable of normal functioning in terms of his ability to engage in age appropriate living activities. (Tr. 237). Additionally, E.I.'s preschool teacher did indicate E.I. had problems in this domain, but did not identify an obvious or serious problem in the domain of caring for oneself. (Tr. 164).

Further support for the ALJ's decision is found in the Childhood Disability Evaluation Forms on E.I. prepared by Dr. Stephen Whaley and Dr. Susan Manley. (Tr. 241-244, 305-308). Both Dr. Whaley and Dr. Manley found E.I. had no limitations in the domain caring for yourself. (Tr. 244, 308).

This Court finds substantial evidence supports the ALJ's finding of a mild limitation in the domain of caring for self.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 5th day of March, 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE